UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re :

FIRST NLC FINANCIAL SERVICES, LLC.
et al.,

               Debtor.

_____/

Chapter 11

Case No. 08-10632-BKC-PGH

ANGELIA JOHNSON and FRAN KRAMER, on behalf
of themselves and all others similarly situated,

               Plaintiffs,

v.

FIRST NLC FINANCIAL SERVICES, LLC, and
FRIEDMAN, BILLINGS, RAMSEY GROUP, INC.,

               Defendants.

_____/

Adv. Pro. No. 08-01130-PGH

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

### Statement of the Matter Before the Court

Plaintiffs, Angelia Johnson and Fran Kramer (hereinafter collectively the "Plaintiffs")

moves this Court for an order (a) certifying a class, pursuant to the Federal Rules of Civil

Procedure Rule 23 and Bankruptcy Rule 7023, comprised of former employees of First NLC

Financial Services, LLC or Friedman, Billings, Ramsey Group, Inc. (collectively "Defendants")

(i) who worked at or reported to one of Defendants' Facilities and were terminated without cause

on or about November 30, 2007 or January 11, 2008, within 30 days of November 30, 2007 or

January 11, 2008, or in anticipation of or as the foreseeable consequence of the mass layoff or

plant closing ordered by Defendants on November 30, 2007 and on January 11, 2008, and who

are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not

filed a timely request to opt-out of the class; (b) appointing Outten & Golden, LLP and Brett M. Amron, P.A. as Class Counsel; (c) appointing Plaintiffs Angelia Johnson and Fran Kramer as Class Representatives; (d) approving the form and manner of Notice to the Class of this class action; and (e) granting such other and further relief as this Court may deem proper. The motion is also supported by the accompanying declarations of Plaintiffs Angelia Johnson ("Johnson Declaration") and Fran Kramer ("Kramer Declaration") and René S. Roupinian ("Roupinian Declaration"), attached hereto as Exhibits A, B and C, respectively.

## Statement of Background Facts

Defendant Friedman, Billings, Ramsey Group, Inc. (hereinafter "FBR") is a Delaware corporation with its principal place of business located at 1001 19th Street North, Arlington, Virginia and conducted business in this district. Defendant First NLC Financial Services, LLC, a wholly owned subsidiary of FBR, owned and operated facilities in the mortgage lending industry. First NLC maintained and operated its corporate headquarters at 4680 Conference Way South, Boca Raton, Florida (the "Boca Raton Facility") and maintained and operated additional facilities as that term is defined by the WARN Act across the country (collectively the "Facilities").

During the relevant period, the Defendants operated as a "single employer" with respect to the Plaintiffs and other similarly situated former employees, as defined by the WARN Act (*See* Complaint). On or about November 30, 2007 and January 11, 2008, the Defendants terminated approximately 200 similarly situated employees at the Facilities (*See* Complaint). None of the Defendants' employees terminated on or about November 30, 2007 or January 11, 2008 or thereafter received 60 days' advance written notice of their terminations, as required by the WARN Act (*See* Complaint).

On January 18, 2008, the Defendants filed a voluntary petition with this Court for relief

under Chapter 11 of Title 7 of the United States Bankruptcy Code.

## Prior Proceedings

On February 7, 2008, the Plaintiffs filed their Class Action Adversary Proceeding Complaint against Defendants and amended that complaint on February 15, 2008 and by consent on April 14, 2008 to supplement Plaintiffs' allegations of single employer liability (the "Complaint"). The Complaint alleges a single Rule 23 class claim asserting that the Defendants violated the WARN Act. (Complaint ¶¶ 40-56). The Complaint further alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week within the United States (Complaint ¶ 58); that the Defendants were a "single employer" as defined in the WARN Act (Complaint ¶¶ 8-26, 61-62); and that the Defendants effected "mass layoffs" or "plant closings", as defined in the WARN Act, at the Facilities that resulted in the loss of employment for at least 50 employees (Complaint ¶¶ 62-63).

The Complaint further alleges that the Plaintiffs and the other similarly situated former employees terminated on or about November 30, 2007 or January 11, 2008, worked at facilities having 50 or more employees excluding part-time employees, as defined by the WARN Act, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants 60 days' advance written notice, as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act (Complaint ¶¶ 58-69).

The Complaint further alleges that the class is so numerous as to render joinder of all members impracticable; that adjudications with respect to individual class members would be

3

dispositive of the interests of the class members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; that the Plaintiffs' claims is typical of the claims of the other class members; that the Plaintiffs will fairly and adequately protect and represent the interests of the Class; that the Plaintiffs has the time and resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving the WARN Act (Complaint ¶¶ 40-52).

## ARGUMENT

### I.    THE NATURE OF THE WARN ACT AND DEFENDANTS' VIOLATION OF THE ACT.

The WARN Act provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must provide sixty days' written notice to employees and to relevant local government entities. *See* 29 U.S.C. § 2102(a).

Defendants failed to provide sixty days' notice under the WARN Act to the employees who would lose their jobs. The violation of the law was stark and obvious, as will become more clear during the substantive litigation of this dispute.

The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily-required notice. *See* 29 U.S.C. § 2104. And notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings to enforce the law and to obtain the statutory relief: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States . . . . " *See* 29 U.S.C. § 2104(a)(5). Our effort to obtain relief not only for the named Plaintiffs, but for others similarly situated, is an effort to pursue that goal which the statute expressly recognizes as appropriate.

II.  **WARN CLAIMS ARE WIDELY RECOGNIZED BY THE COURTS TO BE ESPECIALLY APPROPRIATE FOR CLASS CERTIFICATION AND PLAINTIFFS' PROPOSED CLASS DEFINITION SHOULD BE APPROVED.**

Courts have regularly held that the WARN Act is "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *See also Grimmer v. Lord, Day & Lord,* 937 F. Supp. 255 (S.D.N.Y. 1996) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery."); *New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc.*, 1994 U.S.Dist. LEXIS 2403 (E.D. La. 1994)( "the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class.") .

Thus, violations of the WARN Act have given rise to numerous class action cases and class certification is routinely granted. *See, e.g., Pearson v. Component Technology Corp.*, 247 F.3d 471 (3d Cir. 2001) (former employees brought representative action on behalf of other employees against employer's secured creditor under the WARN Act); *Jurcev v. Central Community Hospital*, 7 F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed brought, on behalf of other former employees, an action against the hospital under the WARN Act); *Jones v. Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. TN. 1990) (former employees brought action under the WARN Act on behalf of other employees); *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003); *Cashman v. Dolce International/Hartford, Inc.*, 225 F.R.D. 73 (D. Conn. 2004); *Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605 (E.D.N.Y. 1991); *Reyes v. Greater Texas Finishing Corp.*, 19 F. Supp. 2d 709 (W.D. Texas 1998).

The merits of the action are *not* to be considered in weighing class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or

history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. . .'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'"). *See also, Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL 764579*1, 11 IER Cases 513 (E.D. Pa. Dec 18, 1995) (holding that because the issue of whether a location was a single site of employment affected the merits, it could not be considered on a motion for class certification); *3 Newberg on Class Actions*, (4th ed. 2002) § 7.9.

Plaintiffs allege in their Complaint that they and the other similarly situated former employees who worked at the Facilities were terminated on or about November 30, 2007 and thereafter, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants 60 days' advance written notice as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act.

As the layoffs took place on or about November 30, 2007 and January 11, 2008 (*See* Plaintiffs' Declarations; Roupinian Declaration)**,** the proposed Class definition is as follows:

> Persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 30, 2007 and January 11, 2008, within 30 days of November 30, 2007 and January 11, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendants on or about November 30, 2007 and January 11, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class (the "Class").

The proposed class definition should be approved.

### III.    THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23.

Class certification requires that each of the four prerequisites for class certification set forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied.  As shown below, the prerequisites for class certification are clearly present in this action.

### A.    The Proposed Class Meets the Requirements of Rule 23(a).

Fed. R. Civ. P. 23(a) provides as follows:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

### 1.    The Numerosity Requirement is Satisfied.

Federal Rule of Civil Procedure 23(a)(1), requires that the class sought to be certified be "so numerous that joinder of all members is impracticable." This prerequisite, however, does not require that joinder be impossible. *Coggin v. Sears, Roebuck and Company*, 155 B.R. 934, 937 (E.D.N.C.1993); *See also, 1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) (It is important to remember that "[i]mpracticable does not mean impossible.").  No specific number is needed to maintain a class action. *Cypress v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir.1967). Rather, an "application of the rule is to be considered in light of the particular circumstances of the case." *Cypress*, 375 F.2d at 653.  Classes consisting of forty or more persons "should have a reasonable chance of success on the basis of number alone." *1 Newberg*, *supra* § 3:5 at 248. Indeed, a class of approximately 200 claimants is clearly

sufficient to satisfy Rule 23(a)(1). *See, e.g., In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification). As was stated by another Bankruptcy Court within this Circuit:

> Generally, the Third Circuit has stated that if the class representative establishes that the potential number of class members exceeds 40, the numerosity requirement is satisfied. e.g. *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001).
>
> I would agree, at least with respect to the numerosity requirement, that "the WARN Act seems particularly amenable to class litigation" given that its applicability is limited to companies which employ more than 100 employees and which lay off employees in groups of 50 or more. *See Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (citing 29 U.S.C. § 2101(a)(1) and finding numerosity met where class size of 127 employees was alleged). Here the alleged class size of 150 to 270 terminated employees clearly meets the greater-than-forty requirement of this circuit.

*In re Spring Ford Ind.*, 2004 Bankr. LEXIS 112, *24, 51; Collier Bankr. Cas. 2d (MB) 1614 (Bankr. E.D. Pa. 2004).

WARN Act class action litigation typically involves claims brought by the former employees of an employer who number less than the estimated 200 former employees which make up the proposed class of former First NLC employees. *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255 (S.D.N.Y. 1996) (certifying class of 92 persons).

    2.    <u>Questions of Law and Fact Are Common to All Members of the Proposed Class</u>.

The second prerequisite of class certification is that "there be questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]lass relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and they 'turn on questions of law applicable in the same manner to each member of the class.' For in such cases, 'the class-action

device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982), *quoting*, *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979).

Here, the Plaintiffs claim that they and the other Class Members were terminated as part of a common plan stemming from the Defendants' decision to discontinue business operations and close their Facilities.  Additionally, the factual and legal questions stem from a common core of facts regarding the Defendants' actions and a common core of legal issues regarding every Class Member's rights, as follows: (a) Defendants employed more than 100 employees; (b) all the Class Members are protected by the WARN Act;  (c) the Class Members were employees of the Defendants; (d) the Defendants discharged the Class Members on November 30, 2007 or January 11, 2008, and thereafter, in connection with a mass layoff or plant closing; (e) the Class Members were "affected employees", as they lost their employment as a result of the mass layoff or plant closing; (f) the Defendants terminated the employment of the Class Members without cause; (g) the Defendants terminated the employment of the Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; and (h) the Defendants failed to pay the Class Members 60 days' wages and benefits.

In short, virtually *all* the issues are common to the Class and the only differences are minor, namely, the rate of pay and the date of termination.

    3.    <u>The Claims of the Representative Parties are Typical of the Claims of the Class</u>.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  The typicality requirement is met when the representative Plaintiffs' claims arise from a course of conduct by

Defendants that also gives rise to the claims of other Class Members based on the same legal theory. *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981); 1 *Newberg*, *supra*, at §3:13 at 326 (4th edition 2002) ("'[Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought'"). The question is whether the class representatives' claims have the same essential characteristics as the claims of the class at large. (*Id.*) If the elements of the cause of action to be proved by the representatives are the same as those of the class, the claim is typical. *Dura-Bilt*, 89 F.R.D. at 99. (*Id.*)

Here, the Class Representatives (i.e., the Plaintiffs) suffered the same type of injury as the rest of the Class and there are no conflicts of interest between the representatives of the Class and the other Class Members (*See* Johnson Declaration and Kramer Declaration). The Defendants' failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all Class Members including the Plaintiffs. Neither the Plaintiffs nor other Class Members received 60 days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act (*See* Johnson Declaration and Kramer Declaration).

Thus, the factual situation of the Class Representatives and the legal theories upon which the action is grounded are not only typical of the entire Class, but are identical.

4.    The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." This element requires a two-step analysis. First, the court must determine whether the named class representatives have interests that "are free from conflicts of interest with the class they seek to represent. *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997). Second, the court must find

10

that the class would be represented by qualified counsel.  *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532 (E.D.N.C. 1995).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole.

The second element of Rule 23(a)(4) is met because Plaintiffs' counsel are "qualified, experienced and generally able to conduct the proposed litigation."  *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974).  Their background can be summarized as follows:

- Adam Klein and Jack Raisner, partners in the New York based firm of Outten & Golden, LLP and members of the firm's Class Action Practice Group, have extensive experience litigating plaintiff employment rights matters, with a focus on the prosecution of class action and impact litigation of employment discrimination and wage and hour claims. René Roupinian, of counsel to the firm and also a member of its Class Action Practice Group, has represented tens of thousand of former employees in more than 30 WARN Act cases, many of which were litigated in bankruptcy court.  (*See* Roupinian Declaration).

- Brett M. Amron, of Brett M. Amron, P.A., has extensive experience in complex commercial bankruptcy litigation and has served as counsel to trustees, creditors and debtors.  (*See* Roupinian Declaration).

Accordingly, the four prerequisites of Rule 23(a) for Class certification are met in this action.

**B.**     **The Proposed Class Meets the Requirements of Rule 23(B)(3).**

In addition to meeting the prerequisites for class certification under Rule 23(a), a class must meet only one of the three alternative requirements for treatment as a class action under Fed. R. Civ. P. 23(b).  Here, the class meets the requirements of Fed. R. Civ. P. 23(b)(3).

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Considerations of judicial economy and efficiency are of paramount importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532 (E.D.N.C. 1995). A class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567. As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

In addition, Fed. R. Civ. P. 23(b)(3) requires that the Plaintiff demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Fed. R. Civ. P. 23 (b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, neither the Plaintiffs nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (*See* Johnson Declaration and

Kramer Declaration).  To Plaintiffs' knowledge no other litigation concerning the controversy has been commenced.  (*See* Johnson Declaration and Kramer Declaration).  Concentrating the WARN litigation in a class action will avoid multiple suits.  Finally, the difficulties in managing this litigation as a class action are few:  the Class Members can be easily identified; the potential liability of the Defendants can be readily calculated; and there is but one combined course of conduct -- that of the Defendants -- to examine and adjudicate. (*See* Johnson Declaration and Kramer Declaration).

## IV.    CLASS CLAIMS ARE PROPER IN BANKRUPTCY COURT EVEN WHEN THE PUTATIVE CLASS MEMBERS DID NOT FILE INDIVIDUAL CLAIMS.

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class actions shall be allowed in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary proceedings." As required by Rule 7023, the courts have consistently recognized that Rule 23 class actions are allowed in adversary proceedings. *See, e.g., In re Quantegy, Inc.,* 343 B.R. 689, 693 (M.D. Ala. 2006) (certifying a WARN class where the motion for class certification was filed after the bar date, citing *In re Charter Company*, 876 F.2d 866 (11th Cir. 1989)); *In re Whitaker*, 882 F.2d 791, 793 n.1 (3d Cir. 1989); *In re Zenith Laboratories*, 104 B.R. 659, 664 (D.N.J. 1989); *In re Grosso*, 9 B.R. 815 (S.D.N.Y. Bankr. 1981).  Here, since the Plaintiffs brought an adversary proceeding that asserts a Rule 23 class claim, that claim must be allowed providing the requirements of Rule 23 for class certification are met.

As previously noted, there is ample precedent for class actions in bankruptcy courts in the specific context of WARN Act litigation.  Consider, for instance, *In re Spring Ford Industries, Inc.*, 2004 Bankr. LEXIS 112 (Bankr. E.D. Pa. 2004).  The Court noted and followed "the overwhelming majority view that [class] claims are permissible in a bankruptcy case." *Id.*, *6. Recognizing its discretion in this regard as to whether to allow the matter to proceed on behalf of

the proposed class (*id.*, *7), the Court in *Spring Ford* allowed the class claim to proceed. Most importantly, in each of the above cases, the classes that were allowed to proceed included former employees who had not filed individual proofs of claim.

Indeed, this Court reached the identical conclusion in *In re Kaiser Group Int'l, Inc.*, outside the WARN Act context, and found the class action mechanism to be appropriate. In *Kaiser*, this Court explicitly rejects *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16 (Bankr. E.D. Pa. 1995), and found that there was nothing unfair about allowing a class to proceed where all class members had not filed individual proofs of claim. This Court explained in *Kaiser*:

> The Debtors also argue that we should consider whether it is appropriate to give class members an opportunity to participate in the class if they did not file proofs of claim before the bar date. The Debtors argue this gives class members an extension of the time within which to file a claim. *See*, *e.g.*, *Sacred Heart*, 177 B.R. at 22. The Claimant, however, did file the class proof of claim before the bar date. If the class claim is certified, then the claims of all the members of the class are incorporated in the proof of claim that was timely filed. This is inherent in class actions. For example, the filing of a class action tolls the statute of limitations otherwise applicable to all class members in their individual capacities. *See, e.g., Bailey v. Sullivan*, 885 F.2d 52, 65 (3d Cir. 1989). The Debtors are not prejudiced by this, since the Debtors had notice of the existence of the class claim before the bar date.

*In re Kaiser Group Int'l*, 278 B.R. at 63-64.

In other words, the class proof of claim in that matter did what proofs of claim are supposed to do: it gave notice of the claim. Debtors (and other creditors) thereby got notice of this potential liability. Allowing that potential liability to be litigated in full did not create any unfair surprise, since the class proof of claim gave explicit notice of it. Moreover, as the Court recognized in the just-quoted passage of *Kaiser*, the law in fact *protects* the right of absent class members to rely on the filing of a class action on their behalf. That is, "the filing of a class action tolls the statute of limitations otherwise applicable to all class members in their individual

14

capacities." *Id*. The very same principles, as applied to the bankruptcy context, show that a member of a putative class is well entitled to rely on the filing of a class claim to protect his or her rights, and that such a member should not have to file an individual claim as well.

*In re First Alliance Mortgage Corp.*, 269 B.R. 428, 444 (D. C.D. Cal. 2001), provides additional support for the propriety of WARN claims filed by the Plaintiffs on behalf of similarly situated putative class members. The *First Alliance* Court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. *Id*. at 445, n 16.

Finally, four circuit courts have held that the Bankruptcy Code unconditionally allows class claims whenever the criteria of Rule 23 is met. *Reid v. White Motor Corp*., 886 F.2d 1462, 1469 (6th Cir. 1989) (noting that the "more equitable resolution" is to permit class claims in bankruptcy proceedings); *Birting Fisheries, Inc. v. Lane*, 92 F.3d 939, 940 (9th Cir. 1996) ("*[W]e conclude that the bankruptcy code should be construed to allow class claims*," noting that *"[t]hree circuits have previously considered this question and all have construed the code as we do*.") (emphasis added), citing *Reid*; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); and *American Reserve Corp*., 840 F.2d 487, 493 (7th Cir. 1988).

Since the requirements of Rule 23 have all been met, as discussed above, class certification should be granted.

## V.     <u>THIS COURT SHOULD APPOINT THE UNDERSIGNED CLASS COUNSEL</u>.

As shown in the Roupinian Declaration, Plaintiffs' counsel is qualified and has been actively and diligently prosecuting this action. Further, as stated in the Roupinian Declaration, the Plaintiffs are being represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting claims under the WARN Act, having been appointed

Class Counsel in some 30 WARN class actions (*See* Roupinian Declaration).

## VI.    APPOINTMENT OF THE CLASS REPRESENTATIVES.

Plaintiffs' counsel request that Angelia Johnson and Fran Kramer be appointed the Class Representatives. The Plaintiffs have been diligent in pursuing the Class claim and have worked with counsel in initiating and prosecuting the action; they have no conflict of interest with other Class Members; and they have and will fairly and adequately represent the interests of the Class (*See* Johnson Declaration and Kramer Declaration).  For these reasons, Plaintiffs' counsel asks that the Plaintiffs be appointed Class Representatives.

## VII.    THE FORM AND MANNER OF SERVICE OF NOTICE.

Plaintiffs further submits that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown in the Defendants' records, is the best notice practicable under all the circumstances (annexed hereto as Exhibit D).

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).  *See also, Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 750 F.2d 86,

90 (3d Cir. 1985).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings," *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S. Ct. 124 (1975), *quoting, Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp*., 323 F. Supp. 364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating & Plumbing Co. v. Crane Co*., 453 F.2d 30 (3rd Cir.1971).  Individual mailings to each Class Member's last known address is appropriate. *White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983); *Steiner v. Equimark Corp*., 96 F.R.D. 603, 614 (W.D. Pa. 1983); *Trist v. First Federal Saving & Loan Association*, 89 F.R.D. 1, 2 (E.D. Pa.1980).

Here, the contents of the proposed Notice are sufficient. The Notice summarizes the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation and that if they do not opt-out, they may appear by their own counsel. In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in Defendants' records.  Once that information is provided to Plaintiffs, Plaintiffs' counsel will mail the Notice of Class Action by first class mail, postage prepaid to the last known address of each of the putative Class Members allowing at least 30 days from the date of the mailing for each Class Member to object to Class certification or to opt-out of the Class.  Plainly, this is the best

17

practicable notice under the circumstances.

## Conclusion

For all the foregoing reasons, Plaintiffs respectfully requests that this Court enter the proposed Order, attached hereto as Exhibit E, granting Plaintiffs' Motion in all respects.

Dated: April 28, 2008                    Respectfully submitted,

Adam T. Klein, Esq.
Jack A. Raisner, Esq.
René S. Roupinian, Esq.
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone: (212) 245-1000
Facsimile:  (212) 977-4005

and

BRETT M. AMRON, P.A.
19 West Flagler Street, Suite 406
Miami, Florida  33130
Telephone:  (305) 379-7904
Facsimile:   (305) 379-7905

By: /s/ Brett M. Amron
        Brett M. Amron, Esq., FBN 148342

*Attorneys for Plaintiffs and the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available, or via U.S. Mail, upon the parties on the attached service list this 28th day of April, 2008.

By: /s/ Brett M. Amron
        Brett M. Amron

## SERVICE LIST

**Arthur J. Spector, Esq.**
**Berger Singerman**
**Attorney for Debtor**
350 E Las Olas Blvd #1000
Ft. Lauderdale, FL 33301
Email: aspector@bergersingerman.com

**Paul A. Avron, Esq.**
**Berger Singerman**
**Attorney for Debtor**
200 S Biscayne Blvd #1000
Miami, FL 33131
Email: pavron@bergersingerman.com

**Andrew Kamensky**
**Hunton & Williams LLP**
**Counsel for Friedman, Billings, Ramsey Group, Inc.**
1111 Brickell Avenue, Ste 2500
Miami, FL 33131

**James T. Irving**
**Nelson Mullins Riley & Scarborough, LLP**
**Counsel for Friedman, Billings, Ramsey Group, Inc.**
1320 Main Street
Columbia, SC 29201

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re : <br><br> FIRST NLC FINANCIAL SERVICES, LLC, <br><br>         Debtor. <br> _____ <br><br> ANGELIA JOHNSON and FRAN KRAMER, on behalf of themselves and all others similarly situated, <br><br>         Plaintiffs, <br> v. <br><br> FIRST NLC FINANCIAL SERVICES, LLC and FRIEDMAN, BILLINGS, RAMSEY GROUP, INC, <br><br>         Defendants. | Chapter 11 <br><br> Case No. 08-10632-BKC-PGH <br><br><br> Adv. Pro. No. 08-01330-PGH |

**DECLARATION OF ANGELIA JOHNSON IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF**

I, Angelia Johnson, declare as follows under penalty of perjury:

1.      I am a former employee of Defendants and am a named Plaintiff in the above captioned class action suit for damages against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). I submit this declaration in support of Plaintiff's Motion for Class Certification and Other Relief in the above action.

2.      I currently reside at 12188 Central Avenue, Apt 442, Chino, California.

3.      From approximately November 1, 2006 to November 30, 2007, I was employed by Defendants as an Account Manager. I worked at Defendants' facility located at 1900 South State College, Suite 300, Anaheim, California (the "Anaheim Facility").

4.      At the time of my termination, I was earning approximately $3,000 per month. Among the fringe benefits I received from Defendants as an employee were medical, dental and optical coverage.

5.      My last day of work was November 30, 2007.

6.      At no time before November 30, 2007 did I receive any written notice regarding the WARN Act nor, to the best of my knowledge, did any of the other former employees of the Defendants who were terminated on or about that date. I believe that my WARN rights, as well as the WARN rights of the other employees of Defendants who were laid off on or about November 30, 2007, were violated.

7.      At the time I was terminated, about 150 other employees of Defendants, including approximately 96 employees at Defendants' Anaheim Facility, were also terminated. I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and our resulting termination in compliance with the WARN Act.

8.      I was paid my wages from the date of termination on November 30, 2007 until January 4, 2008. I did not receive, nor to the best of my knowledge, have any of the other former employees of Defendants receive 60 days wages and benefits under the WARN Act, in lieu of 60 days advance written notice of termination.

9.      Following my termination, I retained the legal services of Outten & Golden LLP and Brett M. Amron, P.A., as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendants who were laid off from the Defendants' facilities as part of, or as the foreseeable result of the mass layoff or plant closing that Defendants ordered and carried out beginning on or about November 30, 2007 through January 11, 2008, and thereafter.

2

10.      Because the circumstances of my termination are the same as those of the other former employees of Defendants who were laid off beginning on or about November 30, 2007 through January 11, 2008, and thereafter the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.      I am eager and willing to prosecute this action on behalf of the other former employees of Defendants who were laid off on or about November 30, 2007 through January 11, 2008 and thereafter.  I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.      I have no conflict of interest with other class members.

13.      My claim against the Defendants under the WARN Act for 60 days' wages equals approximately $2,250, not including benefits.  The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant.  I believe that the other former employees of Defendants who were laid off on or about November 30, 2007 through January 11, 2008, and thereafter, are similarly situated and unable to pursue their rights under the WARN Act except through a class action.  To my knowledge there is no other litigation pending which involves the WARN rights of the former employees of Defendants, nor is there any interest by members of the proposed class in individually controlling the prosecution of separate WARN actions.

14.      Outten & Golden LLP, and Brett M. Amron, P.A., have been vigorously prosecuting this action.  I believe they are well-qualified to serve as class counsel.

15.      In view of the foregoing, I request that Plaintiffs' Motion for Class Certification and Other Relief be granted.

16.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 27, 2008

_____
Angelia Johnson

4

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re :

FIRST NLC FINANCIAL SERVICES, LLC.
et al.,

              Debtor.

_____/

ANGELIA JOHNSON and FRAN KRAMER, on behalf
of themselves and all others similarly situated,

              Plaintiffs,

v.

FIRST NLC FINANCIAL SERVICES, LLC, and
FRIEDMAN, BILLINGS, RAMSEY GROUP, INC.,

              Defendants.

_____/

Chapter 11

Case No. 08-10632-BKC-PGH

Adv. Pro. No. 08-01130-PGH

**DECLARATION OF FRAN KRAMER IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF**

    I, Fran Kramer, declare as follows under penalty of perjury:

    1.      I am a former employee of Defendants and am a named Plaintiff in the above

captioned class action suit for damages against Defendants to recover 60 days' pay and benefits

under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the

"WARN Act").  I submit this declaration in support of Plaintiffs' Motion for Class Certification

and Other Relief in the above action.

    2.      I currently reside at 8299 Marsala Way, Boynton Beach, Florida.

    3.      From October 24, 2007 to January 11, 2008, I was employed by Defendants as a

Mortgage Underwriter II.  I worked at Defendants' corporate headquarters located at 4680

Conference Way South, Boca Raton, Florida (the "Boca Raton Facility").

4.      At the time of my termination, I was earning a salary of $60,000 or approximately $5,000 per month.

5.      My last day of work was January 11, 2008.

6.      At no time before January 11, 2008 did I receive any written notice regarding the WARN Act nor, to the best of my knowledge, did any of the other former employees of the Defendants who were terminated on or about that date.  I believe that my WARN rights, as well as the WARN rights of the other employees of Defendants who were laid off on or about January 11, 2008, were violated.

7.      At the time I was terminated, about 150 other employees of Defendants, including approximately 101 employees at Defendants' Boca Raton Facility, were also terminated.  I believe that the WARN Act rights of all of my former co-workers were also violated in that none of us received written notice of the shutdown and our resulting termination in compliance with the WARN Act.

8.      I did not receive, nor, to the best of my knowledge, have any of the other former employees of Defendants receive 60 days wages and benefits in lieu of 60 days advance written notice of termination, pursuant to the WARN Act.

9.      Following my termination, I retained the legal services of Outten & Golden LLP and Brett M. Amron, P.A., as my counsel to assert a WARN claim on my behalf as well as a class claim on behalf of the other employees of Defendants who were laid off from the Defendants' facilities as part of, or as the foreseeable result of the mass layoff or plant closing that Defendants ordered and carried out beginning on or about November 30, 2007 through January 11, 2008, and thereafter.

10.      Because the circumstances of my termination are the same as those of the other former employees of Defendants who were laid off beginning on or about November 30, 2007

2

through January 11, 2008, and thereafter the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

11.     I am eager and willing to prosecute this action on behalf of the other former employees of Defendants who were laid off on or about November 30, 2007 through January 11, 2008, and thereafter. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

12.     I have no conflict of interest with other class members.

13.     My claim against the Defendants under the WARN Act for 60 days' wages equals approximately $10,000, not including benefits. The small size of my claim, my financial situation and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Defendants who were laid off beginning on or about November 30, 2007 through January 11, 2008, and thereafter, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. To my knowledge there is no other litigation pending which involves the WARN rights of the former employees of Defendants, nor is there any interest by members of the proposed class in individually controlling the prosecution of separate WARN actions.

14.     Outten & Golden LLP, and Brett M. Amron, P.A., have been vigorously prosecuting this action. I believe they are well-qualified to serve as class counsel.

15.     In view of the foregoing, I request that Plaintiffs' Motion for Class Certification and Other Relief be granted.

16.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 23, 2008

Fran Kramer

3

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re :

FIRST NLC FINANCIAL SERVICES, LLC.
et al.,

              Debtor.

_____/

ANGELIA JOHNSON and FRAN KRAMER, on behalf
of themselves and all others similarly situated,

              Plaintiffs,

v.

FIRST NLC FINANCIAL SERVICES, LLC, and
FRIEDMAN, BILLINGS, RAMSEY GROUP, INC.,

              Defendants.

_____/

Chapter 11

Case No. 08-10632-BKC-PGH

Adv. Pro. No. 08-01130-PGH

## DECLARATION OF RENÉ S. ROUPINIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

I, René S. Roupinian hereby declares the following under penalty of perjury:

1.      I am a member of Outten & Golden, LLP, one of the law firms that represent the Plaintiffs in the above-captioned action, each of whom were employees of Defendants and were terminated without cause from their employment at the Defendants' facilities located in Florida and California, as well as other locations across the country (collectively the "Facilities").

2.      This Declaration is submitted in support of the Plaintiffs' Motion for an order (a) certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of former employees of Defendants First NLC Financial Services ("First NLC") and Friedman, Billings, Ramsey Group, Inc.

("FBR"), (collectively the "Defendants"), who (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 30, 2007 or January 11, 2008, within 30 days of November 30, 2007 or January 11, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on or about November 30, 2007 or January 11, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden and Brett M. Amron, P.A., as Class Counsel, (c) appointing Plaintiffs Angelia Johnson and Fran Kramer as Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3.      Until January 11, 2008 the Defendants were in the business of mortgage lending and had their corporate headquarters at 4680 Conference Way South, Boca Raton, Florida, (the "Boca Raton Facility").  Within 30 days of November 30, 2007 and January 11, 2008, Defendants terminated approximately 200 similarly situated employees who would come within the class definition at their respective Facilities.

4.      On January 18, 2008, Defendant First NLC petitioned for relief in this Court under Chapter 11 of Title 7 of the United States Bankruptcy Code.

## THE COMPLAINT

5.      On April 14, 2008, the Plaintiffs filed their Second Amended Class Action Adversary Proceeding Complaint (the "Complaint") against Defendants. The Complaint alleges a Rule 23 class claim arising from the Defendants' violation of the WARN Act.  (Complaint ¶¶ 40-56).The Complaint alleges that the Defendants, as a "single employer"

(Complaint ¶¶ 8-26, 61-62), employed more than 100 employees who worked at least 4,000 hours per week (Complaint ¶ 58); and that the Defendants effected "mass layoffs" or "plant closings" at their Facilities, that resulted in the loss of employment for at least 50 employees and at least 33% of the employees at the Facilities, excluding part-time employees, as defined by the WARN Act. (Complaint ¶¶ 62-63).

6.    The Complaint further alleges that the Plaintiffs and the other similarly situated former employees terminated on or around November 30, 2007 or January 11, 2008 and thereafter, worked at the Facilities and were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees," as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants 60 days' advance written notice, as required by the WARN Act; and that Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act (Complaint ¶¶ 58-69).

7.    The Complaint further alleges that the proposed class meets the requirements of Federal Rule of Civil Procedure 23 and that there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that the Plaintiffs' claims are typical of the claims of the other Class Members; that the Plaintiffs will fairly and adequately protect and represent the interests of the Class; that the Plaintiffs have the time and the resources prosecute this action; and that they have retained counsel who have extensive experience in matters involving federal employment class actions and the WARN Act. (Complaint ¶¶ 40-52).

8.    The Complaint further alleges that the questions of law and fact common to the class members predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. (Complaint ¶¶ 49-52).

## THE PROPOSED CLASS

9.    The proposed Class consists of the Plaintiffs and the approximately 200 other former employees of the Defendants who were terminated without cause within 30 days of November 30, 2007 or January 11, 2008, as part of, in anticipation of, or as the reasonably foreseeable consequence of the mass layoffs and/or plant closings at the Facilities on or about November 30, 2007 or January 11, 2008, and who have not filed a timely request to opt-out of the class. The proposed Class definition is as follows:

> Persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 30, 2007 or January 11, 2008, within 30 days of November 30, 2007 or January 11, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on or about November 30, 2007 or January 11, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class. (the "Class").

10.    As is more fully discussed in the accompanying Motion, the proposed class satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous; questions of law and fact are common to all members of the class; the Plaintiffs' claims are typical of the claims of the Class; the Plaintiffs will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY
## OF THE PLAINTIFFS TO ACT AS CLASS REPRESENTATIVES

11.     As shown by the accompanying declarations of Angelia Johnson and Fran Kramer (attached hereto as Exhibit A and B, respectively), the Plaintiffs were employed by Defendants and were terminated without cause during the relevant period. Plaintiffs have no conflict of interest with other class members and have and will diligently prosecute this action and represent the interests of the Class.

## THE DILIGENT PROSECUTION OF THE ACTION

12.     Plaintiffs, both through their counsel and otherwise, have diligently prosecuted this action.  Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential WARN claim of the Plaintiffs and the other employees laid-off by Defendants.  Having concluded that a WARN violation had occurred, counsel then prepared and served the Complaint asserting a class claim under the WARN Act against Defendants. Counsel reviewed and analyzed Defendants' motions to dismiss and engaged in numerous telephone conferences with opposing counsel regarding the merits of the claim.  Plaintiffs' Counsel filed a Second Amended Complaint on April 14, 2008.  In short, Plaintiffs' counsel has actively litigated this case and will continue to do so.

## THE SUITABILITY
## OF PLAINTIFFS' COUNSEL TO ACT AS CLASS COUNSEL

### Outten & Golden LLP

### a.  Adam T. Klein

13.     Adam T. Klein, is a partner in the firm of Outten & Golden LLP ("O&G"), co-counsel for the Plaintiffs in the above-captioned proposed class action. O&G is a

25+ attorney firm based in New York City that focuses on representing plaintiffs with a wide variety of employment claims, including claims of individual and class-wide violations of wage and hour laws, WARN Act violations, discrimination and harassment based on sex, race, disability, or age, as well as retaliation, whistleblower, and contract claims.   Mr. Klein received his undergraduate degree from the School of Industrial and Labor Relations at Cornell University in 1987, and his law degree from Hofstra University in 1990.  He was admitted to the New York bar in 1991.  Mr. Klein's legal practice is limited to the prosecution of class action and impact litigation of employment discrimination and wage and hour claims.  He presently serves as lead or co-lead plaintiffs' counsel in a variety of statutory-discrimination class actions in addition to this action, including cases against Smith Barney and Gristede's.  He was co-lead plaintiffs' class counsel in a now settled "glass ceiling" gender discrimination class action against MetLife, based on discrimination in promotions and compensation.  This list is not exhaustive.  He also served as lead or co-lead plaintiffs' counsel on a number of wage and hour class and collective actions. Mr. Klein is a member of the National Employment Lawyers Association (NELA), served on the Executive Board of its New York Affiliate (NELA/NY) from 2000 to 2006, and is the former co-chair of the Class Action Committee of NELA. He served on the Executive Board of the Employee Rights Section of the American Trial Lawyers Association. He is a member of the American Bar Association, where he served as the Plaintiffs' Co-Chair of the Committee on Technology and Federal Law Clerks Training Program, and is a member of the Committee on Employee Rights and Responsibilities of the Section of Labor and Employment Law and the Class Action and Derivative Suits Committee of the Section of Litigation. He is the plaintiffs' co-chair of the largest Committee within the ABA's Labor and Employment Section – the Equal Employment Opportunity Committee. He is also a member of the Federal Bar Council, a Fellow

of the American Bar Foundation, and a member of the Advisory Board of the Labor and Employment Law Program of Cornell University's ILR School. He is the co-chair of O&G's Class Action Practice Group. Mr. Klein is admitted in New York and in the federal Second, Ninth, and Eleventh Circuits and the Southern, Eastern, and Western Districts of New York. He has written articles for a variety of legal publications and has had articles printed and distributed in several publications, including *The Employee Rights and Employment Policy Journal* and *Employee Rights Quarterly.* He has also prepared materials for numerous American Bar Association and National Employment Lawyers Association (NELA) programs. In addition to authoring articles on a variety of employment and litigation-related subjects, he has lectured on employment law matters at meetings, conferences, and MCLE programs sponsored by the American Bar Association, the National Employment Lawyers Association, NELA New York, the New York County Lawyers' Association, the New York City Bar Association, the American Conference Institute, Cornell University's Labor and Employment Law Program, the Human Resources Executive Conference, the Law Education Institute, the Practicing Law Institute, the American Inns of Court, Georgetown University Law Center, New York University School of Law, the Federal Judicial Center, the Federal Bar Council, the Training Program for Regional Solicitor's Office of the U.S. Department of Labor, Snowmass National CLE Conference, the NAACP Legal Defense and Education Fund, Inc., and at the Second Circuit Staff Attorney Training Seminar. He has also testified before the Equal Employment Opportunity Commission.

**b. Jack A. Raisner**

14. Jack A. Raisner is a partner at O&G and a member of its Class Action Practice Group. Mr. Raisner represents employees in wage and hour, discrimination and WARN class actions. He prosecuted numerous wage and hour class action cases to successful

conclusions against such companies as Target, JP Morgan, and IBM and as Class Counsel in *Hernandez et al v. The Home Depot, Inc.*, CV-3422 (S.D.N.Y.)  He is a tenured Professor of Law, Tobin College of Business, St. John's University. Mr. Raisner is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*.  Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983.  He is admitted to the New York bar.

### c. René S. Roupinian

15.    René S. Roupinian is of counsel to O&G and a member of its Class Action Practice Group where she litigates cases on behalf of employees under the WARN Act.  From June 2002 through March 2007, she was a practicing attorney at Lankenau & Miller, LLP where she actively and exclusively litigated WARN cases, the majority of which were in bankruptcy court.   She has served as counsel in more than 30 WARN class actions, representing tens of thousands of employees, including the following representative cases:  *Law, et al., v. American Capital Strategies Ltd.*, Case No. 05-0836 (MD. Tenn.); *Bandel et al. v. L.F. Brands Marketing, Inc. et al.*, Case No. 04-CV-1672 (S.D.N.Y.); *Walsh. et al v. Consolidated Freightways Corporation*, Case No. 03-1074 MG (Bankr. C.D. Cal.); *Gardner. et al. v. Pillowtex Corporation*, et al., Case No. 03-60213 (Bankr. D. Del.); *Baker, et al. v. National Machinery Company et al.*, Case No. 3:02CV7444 (N.D. Ohio); *In Re: Teligent, Inc., et al v. Ruggier, et al*,

1:03-cv-04871-PKC (S.D. NY); *Trout et al v. Transcom USA, Inc., et al.*, 1:03-CV-00537-LJM-WTL (S.D. IN); *Barajas et al v. Gonzalez Inc. et al.*, Case No. 02-15508 (Bankr. D. Ariz); *Scott et al. v. Greenwood Mills. Inc., et al.*, Case No. 8:02-221-24 (Dist. S.C.); *D'Andreis, et al., v. Thomaston Mills, Inc.*, Case No. 01-5142 (RFH) (Bankr. M.D. GA); *Ballentine et. al., v. Triad Intenational Maintenance Corporation*, Case No. 01-CV-10357-BC (E.D. Mich.); *Lynwood L. Andrews, et al.,  v. Pliant Systems Inc.*, 01-00065-5-ATS (Bankr. E.D. NC); and *Michael Cain et al., v. Inacom Corp.*, 00-01724-PJW (Bankr. DE).   While Ms. Roupinian was an attorney at Lankenau & Miller, LLP the firm was never denied appointment as class counsel in a WARN action.   Prior to practicing at Lankenau & Miller, LLP, Ms. Roupinian was a partner in a Detroit law firm where she actively litigated individual employment discrimination cases on behalf of employees, and class actions cases on behalf of homeowners, taxpayers and consumers.   Ms. Roupinian is member of the New York City Bar Association, the National Employment Lawyers Association ("NELA") and its New York chapter ("NELA/NY").   Ms. Roupinian a 1989 graduate of the University of Michigan and a 1994 graduate of Michigan State University College of Law.   She is licensed in the state courts of New York and Michigan and admitted in the Southern District of New York and the Eastern District of Michigan.

**Brett M. Amron, Local Counsel**

16.     Brett M. Amron of Brett M. Amron, PA of Miami, Florida, has extensive experience in complex commercial bankruptcy litigation and has served on numerous occasions as counsel to trustees, creditors and debtors.   Mr. Amron is a 1995 graduate of the University of Florida and a 1998 graduate of the University of Miami School of Law.   He is admitted to practice in the State of Florida, and the United States District Courts for the Southern and

Northern Districts of Florida, and is qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

17.    I submit that Plaintiffs' counsel are well-suited to serve as class counsel, they have no conflict of interest, and, as shown above, have diligently prosecuted this action and should be appointed Class Counsel.

### THE FORM AND MANNER OF NOTICE TO THE CLASS

19.    As shown by the accompany Motion, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprizes the class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (annexed hereto Exhibit D).

20.    The motion seeks approval of service of the Proposed Notice by first class mail sent to the address of each class member shown in the records of the Defendants. As discussed in the accompanying Motion, service in this manner is proper.

### CONCLUSION

21.    In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declarations of Plaintiffs Angelia Johnson and Fran Kramer in support of this motion, this Court should enter the attached order (Exhibit E) certifying a class of persons (a) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 30, 2007 or January 11, 2008, within 30 days of November 30, 2007 or January 11, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on or about November 30, 2007 or January 11, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii)

who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden, LLP and Brett M. Amron, P.A. as Class Counsel, (c) appointing Plaintiffs Angelia Johnson and Fran Kramer as Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: April 28, 2008

RENE S. ROUPINIAN

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re :

FIRST NLC FINANCIAL SERVICES, LLC.
et al.,

Debtor.
_____/

ANGELIA JOHNSON and FRAN KRAMER, on behalf
of themselves and all others similarly situated,

Plaintiffs,

v.

FIRST NLC FINANCIAL SERVICES, LLC, and
FRIEDMAN, BILLINGS, RAMSEY GROUP, INC.,

Defendants.
_____/

Chapter 11

Case No. 08-10632-BKC-PGH

Adv. Pro. No. 08-01130-PGH

### NOTICE OF CLASS ACTION

TO:    Former employees of Defendants who were terminated without cause from their employment at the Defendants' facilities in California and Florida on or about November 30, 2007 or January 11, 2008 or within 30 days of those dates, and whose employment was terminated as part of, the foreseeable result of, or in anticipation of, the cessation of operations at Defendants' facilities.

SUBJECT:    The right to participate in a lawsuit to recover 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act").

DATE: May __, 2008

### The Nature of the Action

Angelia Johnson and Fran Kramer (the "Plaintiffs"), two former employees of Defendants, have filed a lawsuit under the WARN Act in the United States Bankruptcy Court for the District of Florida against Defendants for the recovery of 60 days' wages, salary, commissions,

bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.  The name and case number of the lawsuit is *Angelia Johnson and Fran Kramer, on Behalf of Themselves and on Behalf of Other Similarly Situated Former Employees of Defendants, Plaintiffs, vs. First NLC Financial Services, LLC and Freidman, Billings, Ramsey Group, Inc., Defendants*, U.S. Bankr. Ct. FL., Adversary Proceeding No. 08-01330 (PGH) (the "Action").

The Plaintiffs claim that under the WARN Act, they and the other similarly situated employees were terminated on or about November 30, 2007 or January 11, 2008, from Defendants' facilities as that term is defined by the WARN Act (collectively the "Facilities"). The Plaintiffs claim that Defendants were subject to the WARN Act, that Defendants carried out plant closings or mass layoffs at the Facilities, and that the members of the class were entitled to receive from Defendants 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to 60 days' wages and benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et. seq.* ("ERISA"), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.

### The Issues and Defenses

It is anticipated that Defendants will assert certain defenses and may also contest the amount of the claim of each class member.

If the Action is successful, class members will be entitled to an allowed claim against the Debtor and/or an order against the non-debtor in the bankruptcy for their unpaid wages and benefits for each day that they did not receive written notice of their impending termination, up to a maximum of 60 days.

### The Definition of the Class

The Court has recently certified this case as a class action. The class is defined as those persons who worked at or reported to one of the Defendants' Facilities and were terminated without cause on or about November 30, 2007 or January 11, 2008, within 30 days of November 30, 2007 or January 11, 2008, or in anticipation of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about November 30, 2007 or January 11, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

### Class Counsel and Class Representatives

The Plaintiffs are represented by Outten & Golden, LLP, 3 Park Place, 29th Floor, New York, New York 10016, (212) 245-1000  and Brett M. Amron, P.A., 19 West Flagler Street, Suite 406, Miami, FL 33130, Telephone: (305) 379-7904.  These firms have recently been appointed Class Counsel by the Court. The Court has also recently appointed Plaintiffs as Class Representatives.

## What to Do

If you wish to be a member of the class, you do not need to do anything and you will receive whatever benefits you, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.

If you do not wish to participate in this Action, and wish to be excluded and, thereby, reserve your rights under the WARN Act and not share in any recovery in the Action, check the box in the form below, and sign and mail that form by certified mail, return receipt requested, to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be received by Ms. Roupinian by no later than _____, 2008. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court has also taken no position regarding the merits of Plaintiffs' claims or Defendants' defenses. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden, LLP at (212) 245-1000.

■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

### JOHNSON, ET AL. v. FIRST NLC FINANCIAL SERVICES, LLC, ET AL.

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

___  I do **not** want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.

_____
Signature

_____
Name (printed or type)

_____
Date

_____
Address

_____
Telephone

3

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re :

FIRST NLC FINANCIAL SERVICES, LLC,

              Debtor.

_____/

ANGELIA JOHNSON and FRAN KRAMER, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

v.

FIRST NLC FINANCIAL SERVICES, LLC and
FRIEDMAN, BILLINGS, RAMSEY GROUP,
INC,

                Defendants.

_____/

Chapter 11

Case No. 08-10632-BKC-PGH

Adv. Pro. No. 08-01130-PGH

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

      THIS CAUSE came before the Court on the Plaintiffs' Motion for Class Certification and

Other Relief, the appointment of class counsel and class representatives, and the approval of the

form and manner of class notice, the accompanying documents, including the proposed Notice submitted by counsel, and any responses thereto, it is

ORDERED AND ADJUGDED that:

1.      The Plaintiffs' Motion is GRANTED.

2.      A class is certified and shall be defined as the Plaintiffs and the other former employees of Defendants who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about November 30, 2007 or January 11, 2008, within 30 days of November 30, 2007 or January 11, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on November 30, 2007 and on January 11, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class.

3.      The Class described above meets the requirements of Fed.R.Civ.P. 23.

4.      Outten & Golden, L.L.P., and Brett M. Amron, P.A., are appointed class counsel (collectively "Class Counsel").

5.      Plaintiffs Angelia Johnson and Fran Kramer are hereby appointed Class Representatives

6.      The proposed form of Notice to the Class submitted to the Court is approved

7.      Within ten (10) days after the entry of this order, Defendants shall provide Class Counsel with the names and addresses of the Defendants' employees as noted in their records.

8.      Within ten (10) days after receipt from the Defendants of the names and addresses of the Defendants' employees, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to each employee of Defendants to the last known address of that former employee as noted in the records of the

Defendants in an envelope bearing the return address of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016.

9.      Within ten (10) days after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice including a list of all former employees to whom the Notice was mailed.

10.     Class members shall have thirty-five (35) days from the date of mailing of the Notice to return the opt-out form, if they choose to exclude themselves from the Class.

11.     Within ten (10) days after the last date on which a Class member may timely opt-out, Class Counsel shall serve and file a sworn statement listing the names of any persons who have timely opted out of the Class.

12.     Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed.R.Civ.P. 23.

###

Submitted by:

Brett M. Amron, Esq.
Brett M. Amron, P.A.
19 West Flagler Street, Suite 406
Miami, Florida 33130
Tel: 305-379-7904
Fax: 305-379-7905
bamron@amronlaw.com

Copy to: Brett M. Amron, Esq.
(Attorney Amron is directed to serve a conformed copy of this Order on all parties in interest.)